UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LUIS LOPEZ, an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 2:16-CV-08730-SVW (SKX) ASSIGNED FOR ALL PURPOSES TO THE HON. STEPHEN V. WILSON<br><br>[~~PROPOSED~~] JUDGMENT AND PERMANENT INJUNCTION<br><br>[Filed concurrently with Notice of Motion and Motion for Default Judgment; Declarations of James G. Brehm and Michael D. Adams]<br><br>Date: June 5, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br><br>Date Action Filed: November 22, 2016 |

Defendant Luis Lopez ("Defendant") failed to respond to the Complaint in this action. The Clerk of this Court entered default against Defendant on March 13, 2017. The Court, having considered the papers filed in support of plaintiff American Automobile Association, Inc.'s ("Plaintiff" or "AAA") Motion for Entry of Default Judgment, hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and the subject matter.

2. Plaintiff's service mark Registration No. 2,693,460 (the "AAA Mark") is good and valid in law.

3. The AAA Mark has become famous because of long, extensive, continuous, and exclusive use by Plaintiff in connection with emergency road services, such fame occurring long before Defendant's adoption and use of the AAA Mark in connection with his business.

4. Defendant has infringed the AAA Mark by using the AAA Mark in conducting and promoting his business, including, without limitation, displaying the AAA Mark on at least one of his emergency roadside service vehicles.

5. Defendant has falsely designated and represented services sold in commerce in violation of 15 U.S.C. § 1125(a) and has otherwise used the good will of Plaintiff to sell Defendant's own services and has otherwise competed unfairly with Plaintiff.

6. Defendant's acts have lessened the capacity of the AAA Mark to identify and distinguish services provided by or affiliated with AAA.

7. Defendant, his agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, are permanently enjoined from engaging in any of the following acts:

   a. Using the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, either alone or in combination with other words or symbols, in marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any emergency roadside services and other related services at any locality in the United States;

   b. Using the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, in any form or manner that would tend to identify or associate Defendant's businesses or services with Plaintiff in marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

   c. Representing (either orally or in writing) that their businesses are affiliated with, or approved by, Plaintiff in any way in marketing, sales, distribution,

an & Tucker, LLP
torneys at law

2530/017601-0130
10854692.1 a04/29/17

promotion, advertising, identification, or in any other manner in connection with any business;

8. Defendant, pursuant to 15 U.S.C. § 1118, shall deliver to Plaintiff's attorney within thirty (30) days after issuance of this Judgment, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in his possession or control that contain the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, either alone or in combination with other words and symbols;

9. Defendant is further ordered to remove from his vehicle(s), business premises and website, within thirty (30) days after issuance of this Judgment, all instances of the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, and to destroy all molds, plates, masters, or means of creating the infringing items;

10. Defendant is further ordered to instruct, within thirty (30) days after issuance of this Judgment, any print directory, Internet directory, or website that he has caused to carry the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, to cease using such marks at the earliest possible date;

11. Within thirty (30) days after issuance of this Judgment, Defendant is ordered to file with the Clerk of this Court and serve Plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the foregoing injunction.

Dated: May 30, 2017

Hon. Stephen V. Wilson
Judge, United States District Court